J-S08025-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYRONE MCDUFFIE | : | |
| | : | |
| Appellant | : | No. 832 EDA 2025 |

Appeal from the PCRA Order Entered February 28, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008551-2019

BEFORE: PANELLA, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED JUNE 23, 2026**

Tyrone McDuffie appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46. We affirm.

The pertinent facts and procedural history may be summarized as follows. On December 6, 2021, McDuffie pled guilty, pursuant to a negotiated plea agreement, to one count each of third-degree murder, criminal conspiracy, and possession of a firearm by a person prohibited. That same day, the trial court imposed the negotiated, aggregate sentence of 25 to 50 years of incarceration. McDuffie filed neither a post-sentence motion nor a direct appeal.

On December 1, 2022, McDuffie filed a *pro se* PCRA petition. The PCRA court appointed counsel, and PCRA counsel, after being granted several time

extensions, amended McDuffie's petition on February 2, 2024. Thereafter, the Commonwealth filed a motion to dismiss and McDuffie filed a reply to this motion. On January 10, 2025, the PCRA court issued a Criminal Rule 907 notice of its intent to dismiss McDuffie's petition. McDuffie did not file a response. By order entered February 28, 2025, the PCRA court dismissed McDuffie's petition. This appeal followed. Both McDuffie and the PCRA court have complied with Appellate Rule 1925.

McDuffie raises eight issues on appeal, which we cite verbatim:

#1. **Brady v. Maryland**, 373 U.S. 83 (1963) Violation. Did the PCRA court err in denying a hearing on whether prosecutor failed to timely provide "secure version" of government witness Chambers 'record?

#2. **Brady** Violation. Did the PCRA Court err in denying a hearing on whether the prosecutor failed to provide FBI record of the government witness Chambers?

#3. **Brady** Violation. Did the PCRA court err in denying a hearing on whether the prosecutor failed to provide PARS report of the government witness Chambers?

#4. **Brady**, **Napue v. Illinois**, 360 U.S. 264 (1959), **Glossip v. Oklahoma**, 604 U.S. ___(2025) Violations. Did the PCRA Court err in denying a hearing on whether the prosecutor untimely provided a mandatory homicide activity report?

#5 **Brady**, **United States Giglio**, 405 U.S. 150 (1972), **Glossip**, **supra**, violations. Did the PCRA Court err in denying a hearing on whether the prosecutor failed to disclose moving government witness to a prison in his home county?

#6. **Brady**, **Napue**, **Glossip**, violations. Did the PCRA Court err in denying a hearing whether the prosecutor failed to provide timely cell phone records which was evidence of perjurious grand jury testimony on government witness Chambers which she failed to correct?

#7. ***Brady***, ***Napue***, ***Glossip***, *violations*. Did the PCRA Court err in denying a hearing on whether the prosecutor interfered with [McDuffie's] right to a fair and impartial trial under the Fourteenth Amendment by falsely asserting a defense witness had a 5th Amendment issue?

#8 Ineffective Assistance of Counsel. Did the PCRA Court err by failing to conduct a hearing on whether guilty plea counsel failed to prove effective assistance of counsel within the meaning of the Sixth Amendment of the U.S. Constitution?

McDuffie's Brief at 12-13.

This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Barndt***, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

> The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

***Commonwealth v. Blakeney***, 108 A.3d 739, 750 (Pa. 2014) (citations omitted).

After careful review, we conclude that the PCRA court has authored a thorough and well-reasoned opinion pursuant to Rule 1925(a). In his June 16, 2024 opinion, the Honorable Glenn B. Bronson demonstrated an

understanding of the constitutional holdings of the cases cited by McDuffie, and correctly rejected McDuffie's multiple claims that the Commonwealth committed any constitutional violation. In addition, Judge Bronson correctly cited McDuffie's burden of proof regard his claims of plea counsel's ineffectiveness and explained why these claims did not warrant post-conviction relief.

We discern no legal errors or abuse of discretion in Judge Bronson's analysis of McDuffie's eight claims on appeal. In addition, Judge Bronson did not abuse his discretion in determining that an evidentiary hearing was not warranted. In our view, McDuffie's claims of constitutional violations arise from his assumptions and speculations following a review of the multiple documents included in the discovery provided by the Commonwealth. Regarding McDuffie's claims of plea counsel's ineffectiveness, we conclude that his undeveloped allegations of "mistakes" do not require remand. *See Commonwealth v. Clark*, 961 A.2d 80, 94 (Pa. 2008) (explaining that, in the absence of a sufficient proffer, a petitioner's bare assertions would inappropriately convert an evidentiary hearing into a "fishing expedition" for possible exculpatory evidence).

As such, we adopt Judge Bronson's 1925(a) opinion as our own in affirming the order denying McDuffie post-conviction relief. *See* PCRA Court's Opinion, 6/16/25, at 8-16 (rejecting issues #1 through #7 because in each of McDuffie's *Brady*, *Napue*, and/or *Glossip* claims, McDuffie either

acknowledged that the Commonwealth provided the particular document prior to McDuffie's trial date and/or entry of guilty plea, the identified document contained no information helpful to the defense, or the claim was refuted by the record); and at 16-23 (concluding plea counsel was not ineffective for recommending that McDuffie plead guilty; none of the eight "mistakes" allegedly made by plea counsel would entitle McDuffie to post-conviction relief).[1]

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/23/2026

---

[1] The parties are directed to attach Judge Bronson's June 16, 2025 opinion to this memorandum in any future appeal.